UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO CRUZ CAMACHO,

    Plaintiff,

v.                                           18-CV-1318 (JLS) (LGF)

CITY OF BUFFALO, COUNTY OF
ERIE,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Julio Cruz Camacho alleges federal civil rights and related state claims against Defendants City of Buffalo and Erie County based on his arrest on November 14, 2017, and resulting confinement at the Erie County Holding Center until November 17, 2017. *See generally* Dkt. 1-1. Specifically, Camacho alleges the following claims against both Defendants: (1) false arrest and unlawful imprisonment under New York law; (2) assault and battery under New York law; (3) false arrest and unlawful imprisonment under 18 U.S.C. § 1983; and (4) negligent hiring, training, and supervision under 18 U.S.C. §§ 1981 and 1983. *See id.*

On March 5, 2021, the Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).[1] Dkt. 34; *see also* Dkt. 5.

---

[1] Hon. Lawrence J. Vilardo initially referred the case to United States Magistrate Judge Hugh B. Scott. *See* Dkt. 5. After that, the case was transferred to the undersigned and to Judge Foschio. *See* Dkt. 10; Dkt. 34.

Defendant Erie County moved for summary judgment. Dkt. 29. Defendant City of Buffalo moved for judgment on the pleadings and for summary judgment. Dkt. 30. In response, Camacho cross-moved for summary judgment on his state-law claims against each Defendant, opposed Defendant Erie County's motion for summary judgment, and opposed Defendant City of Buffalo's motions for judgment on the pleadings and for summary judgment. Dkt. 40 – Dkt. 43. Defendant City of Buffalo responded to Camacho's motion and replied in support of its motion. Dkt. 46. Defendant Erie County replied in support of its motion and opposed Camacho's motion. Dkt. 45; Dkt. 47. Camacho replied. Dkt. 49.

On October 14, 2021, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court: (1) grant Defendant Erie County's motion for summary judgment; (2) grant Defendant City of Buffalo's motion for summary judgment; (3) deny as moot Defendant City of Buffalo's motion for judgment on the pleadings; and (4) deny each of Camacho's motions for summary judgment. Dkt. 50, at 5, 43. The thorough R&R addressed all arguments in support of, and against, summary judgment on each claim, including the timeliness of Camacho's cross-motions, Defendant Erie County's vicarious liability for the conduct of Sheriff's deputies, liability under Section 1981, municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the merits of Camacho's state and federal claims, Defendants' qualified immunity, the sufficiency of Camacho's notice of claim served on Defendant City of Buffalo, and whether the Court should exercise supplemental jurisdiction over Camacho's state-law claims. *See generally id.*

Camacho objected to the R&R's recommendation that the Court grant Defendants' motions for summary judgment, arguing that the R&R did not properly apply the summary judgment standard, did not accept as true the sworn statements in his affidavit, relied on inapposite case law, and relied on various mistakes of fact. *See* Dkt. 56, at 2-3. In addition, Camacho objected to the R&R's recommendation that the Court deny his motions for summary judgment because, he argues, there are no genuine disputes of fact regarding whether Defendants arrested and imprisoned him without a warrant or probable cause, disregarded the NCIC report (either intentionally or with gross recklessness), or intentionally delayed his release after they knew he was not the real wanted person. *Id.* at 18-20. Regarding the R&R's recommendation that Defendant Erie County may not be vicariously liable for the acts of Sheriff's deputies, Camacho objected to the R&R's failure to address Defendant Erie County's liability as the owner of the Erie County Holding Center—in other words, its liability on an agency theory. *See id.* at 12-14. Each Defendant responded in opposition to Camacho's objections, and Camacho replied in further support. Dkt. 57; Dkt. 59; Dkt. 60; Dkt. 61.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R—including the portions to which no party objected—and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommended disposition of the parties' pending motions.

For the reasons stated above and in the R&R, the Court:

- GRANTS Defendant Erie County's motion for summary judgment (Dkt. 29);
- GRANTS Defendant City of Buffalo's motion for summary judgment, and DENIES AS MOOT its motion for judgment on the pleadings (Dkt. 30);
- DENIES Camacho's motion for summary judgment as to Defendant City of Buffalo (Dkt. 40); and
- DENIES Camacho's motion for summary judgment as to Defendant Erie County (Dkt. 41).

The Clerk of Court shall close this case.

SO ORDERED.

Dated:   June 16, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE